**LAW OFFICES OF ERIC J. GRANNIS**
11 Broadway, Ste. 615 • New York, New York 10004
Phone: (212) 903-1025 • www.grannislaw.com

**Eric J. Grannis**
Phone: (212) 903-1025
egrannis@grannislaw.com

September 8, 2026

**VIA ECF**

Hon. Jesse M. Furman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:** ***Success Academy Charter Schools – NYC v. Rosa*, No. 1:26-cv-07298 (JMF)**
**Letter-Motion for Expedited Summary-Judgment Schedule**

Dear Judge Furman:

Plaintiff Success Academy Charter Schools – NYC ("Success Academy") respectfully requests that the Court establish an expedited schedule for resolution of this action.

In this action, Success Academy challenges a policy of the New York State Education Department ("NYSED") preventing U.S. News & World Report from reporting on Advanced Placement exam performance data for New York high schools. This policy has violated the First Amendment rights of Success Academy to communicate its AP results to U.S. News and, through it, to the general public.

Although Success Academy elected not to burden the Court with an application for preliminary injunctive relief, the challenged restriction remains in effect, continues to impair Plaintiff's First Amendment rights, and is causing irreparable reputational injury. Moreover, this case turns principally on questions of law and requires no discovery. Accordingly, good cause exists for summary-judgment practice under Paragraph 4(G)(i) of the Court's Individual Rules and for an expedited briefing schedule.

NYSED has publicly identified two principal justifications for its restriction: concerns about student privacy under New York Education Law § 2-d and the fact that U.S. News is a "commercial for-profit third party." *See* Exhibit A hereto. The question presented is whether those asserted interests are sufficient justification under the First Amendment for preventing the dissemination of the information at issue.

With respect to student privacy, U.S. News has stated that it is "categorically false" that it ever requested "protected, individual student-level data." **See Exhibit B.** Thus, privacy concerns do not justify NYSED's restriction.

Nor does the fact that U.S. News is a for-profit publisher convert its reporting into unprotected commercial activity. *See Time, Inc. v. Hill*, 385 U.S. 374, 397 (1967); *Joseph Burstyn, Inc. v. Wilson*, 343 U.S. 495, 501–02 (1952).

The case thus presents a focused First Amendment dispute suitable for prompt resolution on summary judgment. We therefore respectfully request that the Court adopt the following expedited schedule:

**September 25, 2026:** Plaintiff moves for summary judgment
**October 9, 2026:** Defendant opposes summary judgment
**October 23, 2026:** Plaintiff files its reply brief

Defendant's answer is due September 18. The proposed schedule therefore allows Defendant to answer before merits briefing begins while permitting this discrete constitutional dispute to be submitted promptly for resolution.

Eva Dietz, who has appeared on behalf of Defendant, has advised me that she opposes this expedited schedule.

Respectfully submitted,

Eric Grannis

Eric Grannis

Enclosures

**Exhibit A:** NYSED, *AP Data Privacy Briefing for Stakeholders*
**Exhibit B:** U.S. News & World Report, *U.S. News Clarifies Mischaracterization Regarding New York State Education Department Data Request* (Sept. 3, 2026)

The parties shall appear for a conference with the Court on **September 10, 2026, at 3:00 p.m.** Counsel should be prepared to address Defendant's motion for an extension of time to file an answer or otherwise respond to the complaint, *see* ECF No. 7, and Plaintiff's motion to expedite, *see* ECF No. 8.

The conference will be held remotely by telephone in accordance with Rule 3(B) of the Court's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman. The parties should join the conference by calling the Court's dedicated conference line at (855) 244-8681 and using access code 2303 019 3884, followed by the pound (#) key. When prompted for an attendee ID number, press the pound (#) key again. Counsel should review and comply with the rules regarding teleconferences in the Court's Individual Rules and Practices in Civil Cases, including Rule 2(B)(i), which requires the parties, no later than 24 hours before the conference, to send a joint email to the Court with a list of counsel who may speak during the teleconference and the telephone numbers from which counsel expect to join the call.

SO ORDERED.

September 9, 2026